1
2
3
4
5
6           **UNITED STATES DISTRICT COURT**
7           **CENTRAL DISTRICT OF CALIFORNIA**
8
9    TRIANA ASHTON,                    )    NO. ED CV 09-0475 JST (FMO)
                                       )
10                  Petitioner,        )
                                       )
11        v.                           )    **ORDER TO SHOW CAUSE**
                                       )
12   DAWN DAVISON, Warden,             )
                                       )
13                  Respondent.        )
     ──────────────────────────────   )
14

15        On March 6, 2009, petitioner Triana Ashton filed a Petition for Writ of Habeas Corpus by

16   a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"), alleging a breach of her plea

17   agreement when the prosecutor did not provide certain information to the Board of Parole

18   Hearings, as he had promised to do, and requesting a new parole suitability hearing.

19   (Memorandum of Points and Authorities in Support of Petition ("Memo.") at 1-12).  Respondent

20   filed a Return on June 8, 2009, petitioner filed a Reply on July 13, 2009, and a Supplemental

21   Reply ("Supp. Reply") on November 13, 2009, and respondent filed a Sur-Reply on February 12,

22   2010.

23        On January 23, 1996, in San Bernardino County Superior Court Case No. FRE 01197,

24   petitioner pleaded guilty to, and was convicted of, one count of second degree murder (Cal. Penal

25   Code § 187).  (Lodgment No. 2).  During the plea colloquy, the prosecutor stated:

26                 There is one additional thing that I indicated I would do on [petitioner's]

27          behalf and that is I would, either by way of letter or oral contact, depending

28          on whatever her attorney wants, advise the parole authority or the prison

            parole board folks that in my judgment, based on the evidence that I've seen

in this case, [petitioner] was in the wrong place at the wrong time and did not intend the death of the victim in this case.  And I would be glad to let them know that so that this could be something that they could take into account when [petitioner] has her parole hearings.

Secondly, I indicated to [petitioner's] attorney that I would likewise make it known to the parole authorities that as of yesterday morning, [petitioner] was very helpful in possibly saving the life of one of our Marshals, or more, in alerting them to the fact that some people who are down the hall on the death penalty trial were prepared to engage in an assault, had some weapons apparently, and so on.  And it was [petitioner] that alerted the Marshals. [¶]  So I think that's commendable and I told [petitioner's] attorney I would pass that on to the parole board.

(Lodgment No. 2 at 2-3).  On February 23, 1996, petitioner was sentenced to 15 years to life in state prison.  (Lodgment No. 3).

On April 9, 2007, petitioner had her initial parole hearing, but the Deputy District Attorney who was present did not advise the Board of Parole Hearings ("BPH") that it was the judgment of the attorney who prosecuted petitioner that petitioner "was in the wrong place at the wrong time and did not intend the death of the victim in this case" and that, during her trial, petitioner acted in a manner that possibly saved the lives of one or more Marshals.  (See Lodgment No. 13).  Following the hearing, petitioner was denied parole for a two-year period.  (Id. at 93-104).  As noted above, petitioner challenges this parole suitability decision, contending that her plea agreement was breached when the Deputy District Attorney did not advise the BPH that it was the judgment of the prosecuting attorney that petitioner was in the wrong place at the wrong time and did not intend the victim's death, and, during her trial, petitioner acted to save the lives of one or more law enforcement officers.  (See Petition at 5; Memo. at 1-12; Memorandum of Points and Authorities in Support of Reply at 5-7; Supp. Reply at 19-23).

On March 9, 2010, petitioner had a subsequent parole suitability hearing, during which the Deputy District Attorney informed the BPH panel of the prosecutor's statements that petitioner

1  "was in the wrong place at the wrong time and did not intend the death of the victim in this case"

2  and that, during her trial, petitioner acted in a manner that possibly saved the lives of one or more

3  Marshals.  (Lodgment No. 21 at 7-8).  Nevertheless, for various reasons, petitioner was denied

4  parole for a three-year period.  (See id. at 65-72).

5       Since petitioner has now received a new parole suitability hearing in which the Deputy

6  District Attorney informed the BPH panel of the prosecutor's statements at the January 23, 1996,

7  plea colloquy, petitioner and respondent, separately, ARE ORDERED TO SHOW CAUSE why this

8  action should not be dismissed as moot, see Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir.

9  2005), and to each file and serve a written memorandum of points and authorities supporting their

10  positions no later than **August 27, 2012**.

11  Dated this 6th day of August, 2012.

12                                                     /s/

13                                         Fernando M. Olguin
                            United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28